UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                          )
                                          )
UNITED STATES OF AMERICA                  )
                                          )
        v.                                )    Criminal Case No. 17-150 (RCL)
                                          )
BUTCH ALEXANDER,                          )
            Defendant.                    )
                                          )
                                          )
```

## MEMORANDUM OF FINDINGS OF FACT AND STATEMENT OF REASONS IN SUPPORT OF ORDER OF PRETRIAL DETENTION

### I.   INTRODUCTION

Defendant Butch Alexander is charged in a four-count indictment that features one count of Unlawful Possession with Intent to Distribute 28 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841(a)(l) and 841(b)(l)(B)(iii); one count of Unlawful Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841 (a)(l) and 841 (b )(1 )(C); one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(l ); and one count of Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense, in violation of Title 18 U.S.C. § 924(c)(l). The indictment also includes a criminal forfeiture allegation for $1,656, pursuant to 21 U.S.C. § 853(a), if convicted of either Count One or Count Two; and another for certain guns and ammunition, pursuant to 18 USC § 924(d) and 28 U.S.C. § 2461(c), if convicted of either Count Three or Count Four.

At arraignment on August 9, 2017, the Government made an oral motion for temporary detention of Mr. Alexander. The Court granted the motion for a three-day hold and set a detention hearing for August 14. This Court held the detention hearing on that date. Upon

1

consideration of the Government's Memorandum for Pretrial Detention [2] and the oral representations of both parties at the detention hearing, Mr. Alexander was ordered held without bond pursuant to 18 U.S.C. § 3142(f)(1), subsections (C), (D), and (E). The findings of fact and statement of reasons in support of the Order of Detention are set forth below.

## II. LEGAL STANDARD

The Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, provides that a defendant may be detained pending judicial proceedings where the government carries its burden of establishing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* at § 3142(e), (f). The government must first establish one of the predicates: (1) that, beyond a preponderance of the evidence, defendant poses a risk of flight, *United States v. Xulam*, 84 F.3d 441, 443 (D.C. Cir. 1996); or (2) that, by clear and convincing evidence, defendant has been shown to pose a risk to the safety of any person or the community. 18 U.S.C. § 3142(f); *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988). The Court must then determine that the same evidence leads to the conclusion that no condition or conditions of release will reasonably protect against the risk that has been found.

"In determining whether the release of the defendant would endanger the community, the court must consider any available information concerning [1] the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; [2] the weight of the evidence against the person; [3] various personal information including character, employment, past conduct, and so on; and [4] the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *United States v.*

*Smith*, 79 F.3d 1208, 1209 (D.C. Cir. 1996) (internal quotations omitted) (citing 18 U.S.C. § 3142(g)).

There is a presumption that a defendant should be detained before trial if the court finds probable cause to believe that a defendant committed "an offense for which a maximum term of imprisonment is ten years or more [as] prescribed in the Controlled Substances Act," or an offense under 18 U.S.C. § 924(c). 18 U.S.C. § 3142(e)(3). The Court "may rely on a grand jury indictment to establish probable cause for the purposes of triggering the rebuttable presumption of section 3142(e)." *United States v. Williams*, 903 F.2d 844 (D.C. Cir. 1990). The court will "presume[] that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." *Id.* § 3142(e)(3). A defendant may rebut this presumption if he offers "credible evidence" to the contrary. *Id.*; *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985).

### III. DISCUSSION

The grand jury's indictment, "fair upon its face," furnishes probable cause to believe that the Mr. Powell committed the acts that constitute this offense. *See Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975); *Williams*, 903 F.2d 844. This creates a presumption of pretrial detention.

The Government proffers that Mr. Alexander was arrested by police officers responding to a call reporting a man, matching Mr. Alexander's description, in a red Mustang, carrying a gun. Officers found Mr. Alexander sleeping alone in his car (a red Mustang, registered to Mr. Alexander) near the location the caller indicated the suspect would be. Officers spotted what appeared to be illegal narcotics in the vehicle, and requested a gun recovery dog, who alerted at the rear of the vehicle, and then in the console area of the car. Officers recovered a loaded Smith

3

& Wesson .40 caliber handgun from in between the driver's seat and center console of the vehicle, along with several bags of drugs, a digital scale, several individual plastic zip-lock bags, and approximately $1,656.00 in cash elsewhere in the car. The officers' entire interaction with Mr. Alexander, and subsequent search of his car, were recorded on video, with audio, on cameras worn by the responding officers. Mr. Alexander has a history of criminal conduct, including multiple felony convictions related to the distribution of cocaine in multiple jurisdictions, and was arrested while on pre-trial release in separate matters stemming from charges in two different jurisdictions.

In response, Mr. Alexander argues that there is no evidence he knew the contents of the car, that he was cooperative with the police officers at the scene, that he did not brandish the weapon that was found in the vehicle, and that, in the two months since his arrest, the government has failed to develop any forensic evidence tying him to the gun or the drugs found in the car. The government has not produced the body-camera video of the events leading up to Mr. Alexander's arrest, which could present grounds for a motion to suppress the evidence recovered at the scene. Further, the photographs the government attached as exhibits to its memorandum in support of pre-trial detention do not show the location in the car where the items were supposedly found. The defense argued that the defendant lives with his mother approximately five blocks from the courthouse, and that the Court could fashion conditions, including a curfew and weekly reporting to pre-trial services, which would ensure the defendant's presence for trial.

## IV. FINDINGS OF FACT

Upon consideration of the factors enumerated at § 3142(g) of the Bail Reform Act, the Court finds by clear and convincing evidence[1] that Mr. Alexander has been shown to pose a risk to the safety of the community, and no condition or conditions of release would reasonably protect against that risk. First, the Court finds that the nature and circumstances of the offenses clearly indicate that Mr. Alexander possessed large quantities of dangerous illegal narcotics in the D.C. area, as well as materials used to distribute them. The drugs were found in Mr. Alexander's own car, in which he was sitting by himself; no evidence on the record suggests they may have belonged to anyone else. Second, the strength of the evidence against Mr. Alexander, which includes drug residue on the recovered digital scale, and video recordings of the arresting officers' interaction with Mr. Alexander and their search of his vehicle, is quite strong. Third, the Court finds that Mr. Alexander's release would pose a serious danger to the community. The sale of narcotics (which also necessitates the coming into possession of narcotics as a precondition) is an inherently dangerous activity, and Mr. Alexander poses a danger to the community through his cocaine distribution. The fact that Mr. Alexander was armed with a loaded .40 caliber handgun while possessing drugs for distribution and a large amount of cash further underscores his danger to the community. The gun was found unsecured and directly next to Mr. Alexander's seat in his vehicle, well within reach. Further, Mr. Alexander's being otherwise unemployed, and his history of convictions for selling drugs indicate that drug sales are his primary means of income. Finally, Mr. Alexander's criminal history indicates that he has been engaging in narcotics-related transactions with relative

---

[1] The Court is crediting the evidence and representations of the government for the purposes of the present detention determination, but notes that certain items of evidence remain subject to challenge at a future suppression hearing.

5

frequency for many years, and that the conditions two other jurisdictions imposed in exchange for releasing him pending trial were not sufficient to deter him from continuing to engage in his dangerous and illegal activities. The defense has failed to rebut the presumption that no condition or combination of conditions can reasonably assure the safety of the community.

V. **CONCLUSION**

On the basis of the foregoing findings of fact and reasons, Mr. Alexander will be held without bond pursuant to the August 14 Order of Detention.

_____  8/16/17
ROYCE C. LAMBERTH          Date
United States District Court